IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICTOR VAZQUEZ<br>2834 Ornes Street<br>Philadelphia, PA,<br><br>JOSE ZARZUELA<br>6620 Gillespie Street<br>Philadelphia, PA<br><br>and<br><br>GLENN BROWN<br>4816 Longshore<br>Philadelphia, PA<br>Plaintiffs<br><br>v.<br><br>THE CITY OF PHILADELPHIA,<br>PO THOMAS LICIARDELLO,<br>Badge No. 4383,<br>PO JOHN SPEISER,<br>Badge No. 7169,<br>PO SPICER,<br>Badge No. 5180,<br>PO PERRY BETTS,<br>Badge No. 6761,<br>LT. OTTO,<br>Badge No. 412,<br>SGT. GORMAN,<br>Badge No. 8821,<br>PO WALKER,<br>Badge No. 6360,<br>SGT. JOSEPH McCLOSKEY,<br>Badge No. 331,<br>1515 Arch Street<br>Philadelphia, PA,<br>Defendants | : | JURY TRIAL DEMANDED<br><br>CIVIL ACTION NO. 14-________ |

# COMPLAINT

## PRELIMINARY STATEMENT

1. Plaintiff brings this action under 42 U.S.C. §1983 seeking redress for the extraordinary misconduct of five Philadelphia police officers who used improper and unconstitutional means to subject citizens, including Plaintiffs, to unlawful arrest, detention and prosecution. The actions and conduct of the defendant officers were the result of policies, practices, customs, and deliberate indifference on the part of defendant City of Philadelphia, including the failure to take disciplinary and remedial action against the defendant officers and other Philadelphia police officers despite documented records of misconduct and abuses of authority.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§1983, 1988. Jurisdiction is founded upon 28 U.S.C. §§1331 and 1343(1), (3), (4) and the aforementioned statutory provision. Plaintiffs further invoke the supplemental jurisdiction of this Court under 28 U.S.C. §1367(a) to adjudicate state law claims.

## PARTIES

3. Plaintiff Victor Vazquez is a resident of the Commonwealth of Pennsylvania and at all times relevant to this action was in the Eastern District of Pennsylvania.

4. Plaintiff Jose Zarzuela is a resident of the Commonwealth of Pennsylvania and at all times relevant to this action was in the Eastern District of Pennsylvania.

5. Plaintiff Glenn Brown is a resident of the Commonwealth of Pennsylvania and at all times relevant to this action was in the Eastern District of Pennsylvania.

6. Defendants Liciardello, Speiser, Spicer, Betts, Otto, Gorman, Walker, and McCloskey "the defendant officers"), whose names and badge numbers are set forth in the caption, are police officers for the Philadelphia Police Department acting under color of state law.

7. Defendant City of Philadelphia is a municipality of the Commonwealth of Pennsylvania and owns, operates, manages, directs and controls the Philadelphia Police Department which employs Defendants Liciardello, Speiser, Spicer, Betts, Otto, Gorman, Walker, and McCloskey.

8. The defendant officers are being sued in their individual capacities.

9. At all relevant times, all defendants were acting in concert and conspiracy and their actions deprived each Plaintiff of his constitutional and statutory rights.

10. At all times relevant to this Complaint, all defendants acted under color of state law.

**FACTUAL ALLEGATIONS**

11. For more than twenty years, Philadelphia police officers assigned to various narcotics units have engaged in a pattern and practice of searching persons and securing search warrants based on fraud and misrepresentation, the misuse of informants, the improper execution of search warrants, the falsification of evidence, the destruction and theft of personal property, and related misconduct.

12. The City of Philadelphia has failed to take appropriate remedial measures to prevent misconduct of this nature.

13. On or about December 21, 2010, the Defendant Officers arrested Plaintiff Victor Vazquez.

14. Defendant Officers knowingly provided false information in support of probable cause

for issuance of a search warrant for the home and vehicles of Plaintiff Vazquez.

15. The Defendant Officers executed a search warrant on the home and vehicles of Plaintiff Vazquez, during which they fabricated evidence and stole money.

16. On or about July 3, 2012, the Defendant Officers arrested Plaintiff Jose Zarzuela.

17. Defendant Officers knowingly provided false information in support of probable cause for issuance of a search warrant for the home of Plaintiff Zarzuela.

18. The Defendant Officers executed a search warrant on the home of Plaintiff Zarzuela, during which they fabricated evidence and stole money.

19. On or about July 29, 2012, the Defendant Officers arrested Plaintiff Glenn Brown.

20. The Dendant Officers seized Plaintiff Brown and his vehicle and conducted a search without probable cause or other legal justification.

21. During the search of Plaintiff Zarzuela and his vehicle, the Defendant Officers fabricated evidence and stole money

22. The Defendant Officers falsely claimed that Plaintiffs were engaged in criminal conduct.

23. The Defendant Officers falsely claimed that Plaintiffs were in possession or control of contraband, including controlled substances.

24. The seizures and the arrest and prosecution of Plaintiffs were predicated on falsehoods fabricated by the Defendant Officers.

25. The seizures and the arrest and prosecution of Plaintiffs were without probable cause, articulable suspicion or other constitutionally permissible basis.

26. Any alleged evidence was seized without probable cause, articulable suspicion or other constitutionally permissible basis.

27. Defendant Officers knew or had reason to know of the falsity of the allegations they made against Plaintiffs.

28. The misrepresentations and falsehoods by the Defendant Officers were material to the searches, seizures, arrest and prosecution of Plaintiffs.

29. The actions of the Defendant Officers in fabricating materially false information in order to conduct a search or procure the seizure or arrest of citizens was part of a practice and custom of the defendant officers and other officers in the Philadelphia Police Department to violate the rights of these persons, including Plaintiffs.

30. The Defendant Officers disregarded proper police practices regarding the use of search warrants and these actions led to the improper conduct in this case.

31. The Defendant Officers, without cause or justification, arrested each Plaintiff and caused him to be unlawfully detained.

32. The Defendant Officers, without cause or justification, and through the fabrication of evidence, caused the Plaintiffs to be charged with possession with intent to deliver a controlled substance and related offenses.

33. The Defendant Officers, acting in concert and conspiracy, caused the Plaintiffs to be unlawfully arrested, subjected to false criminal charges, malicious prosecution and detention.

34. On August 28, 2012, the criminal charges brought against Plaintiff Vazquez were dismissed.

35. On August 28, 2012, the criminal charges brought against Plaintiff Vazquez were dismissed.

36. On December 7, 2012, the criminal charges brought against Plaintiff Zarzuela were withdrawn on the application of the District Attorney of Philadelphia County

37. On January 10, 2013, the criminal charges brought against the Plaintiff Brown were withdrawn on the application of the District Attorney of Philadelphia County.

38. Plaintiffs did not commit any offenses against the laws of the Commonwealth of Pennsylvania, the United States or the City of Philadelphia, or engage in any conduct which justified the actions of all defendants.

39. The unlawful arrest, detention and malicious prosecution in this case were the direct result of all defendants' pattern, practice and custom of subjecting citizens such as the Plaintiffs to arrest, prosecution and incarceration in the absence of probable cause.

40. The Defendant Officers acted wilfully, deliberately, maliciously or with reckless disregard of the Plaintiffs' constitutional and statutory rights.

41. As a direct and proximate result of the actions of all Defendants, Plaintiffs were compelled at considerable expense to retain the services of criminal defense attorneys to represent them.

42. As a direct and proximate result of the actions of all Defendants, Plaintiffs were wrongfully incarcerated.

43. As a direct and proximate result of the actions of all Defendants, Plaintiffs suffered loss of liberty and property.

44. As a direct and proximate result of the actions of all Defendants, Plaintiffs suffered and continue to suffer physical and psychological harms, pain and suffering, damage to reputation, some or all of which may be permanent, as well as financial losses.

45. All Defendants engaged in the aforesaid conduct for the purpose of violating the Plaintiffs' constitutional rights by subjecting the Plaintiffs to unlawful arrest, malicious prosecution, detention and financial loss.

46. The actions and conduct of the defendant officers were caused by a policy, practice and custom of defendant City of Philadelphia of failing, with deliberate indifference, to supervise, monitor, and properly train narcotics officers with respect to (a) their duty to provide only truthful information in support of seizures and arrests, (b) their duty to ensure that relationships and dealings with confidential informants are in accord with Police Department policy and constitutional commands, (c) their duty to disclose exculpatory evidence in criminal cases, (d) their duty not to undertake arrests in the absence of lawful grounds, (e) their duty to provide accurate and truthful information to the prosecutor's office, (f) their duty to report and disclose misconduct and illegal actions of other police officers, and (g) the fabrication of evidence against an accused to justify their illegal actions and conduct.

47. Defendant City of Philadelphia has failed to properly discipline the Defendant Officers and other officers in the Police Department in cases involving violations of rights of civilians, including cases of improper searches, seizures, arrests, prosecutions, abusive behavior, property damage and theft, causing the violations in this case.

48. The above described actions of all of the Defendants caused the violations of the Plaintiffs' rights under the Fourth and Fourteenth Amendment as alleged in this Complaint.

**FIRST CAUSE OF ACTION**
**FEDERAL CIVIL RIGHTS VIOLATIONS**

49. Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

50. As a direct and proximate result of all Defendants' conduct, committed under color of state law, Plaintiffs were deprived of the right to be free from unlawful arrest and detention, unlawful search and seizure, malicious prosecution, the right to be secure in ones' person and property and to due process of law.

51. As a result, the Plaintiffs each suffered and continue to suffer harm in violation of his rights under the laws and Constitution of the United States, in particular the Fourth and Fourteenth Amendments, and 42 U.S.C. §1983.

52. As a direct and proximate result of the acts of all defendants, each Plaintiff sustained injuries, emotional harm, loss of liberty and financial losses, all to his detriment and harm.

53. Defendant City of Philadelphia has encouraged, tolerated, ratified and has been deliberately indifferent to the following patterns, practices and customs and to the need for more or different training, supervision, investigation or discipline in the areas of: Unlawful detentions and unlawful arrests by police officers, including the Defendant Officers in this case; The proper exercise of police powers, including but not limited to the use of false information to obtain search warrants, fabrication of evidence, unlawful arrest, malicious prosecution and unlawful detention; The monitoring of officers whom it knew or should have known were suffering from emotional and/or psychological problems that impaired their ability to function as officers; The failure to identify and take

remedial or disciplinary action against police officers who were the subject of prior civilian or internal complaints of misconduct; Police officers' use of their status as police officers to employ the use of unlawful arrest, or to achieve ends not reasonably related to their police duties; Police officers' use of their status as police officers to employ the use of unlawful arrest, invoke the Code of Silence, or to achieve ends not reasonably related to police duties; The failure of police officers to follow established policies, procedures, directives and instructions regarding the securing of search warrants and the use of arrest powers under such circumstances as presented in this case; The refusal of police officers to intervene when other officers violate the rights of citizens in their presence; The failure to identify and take remedial or disciplinary action against units of officers assigned to narcotics investigations in light of repeated instances of misconduct over a period of many years as alleged in this Complaint; and The refusal of police officers to report or provide information concerning the misconduct of other police officers, a custom or practice known as the "Code of Silence."

54. Defendant City of Philadelphia failed to properly train, supervise or discipline officers assigned to narcotics units of the Philadelphia Police Department, including the Defendant Officers in this case, who have engaged over a period of many years in systematic abuses of authority, including but not limited to (a) the duty to provide only truthful information in securing search and arrest warrants, (b) the duty to ensure that relationships and dealings with confidential informants are in accord with Police Department policy and constitutional commands, (c) the duty to disclose exculpatory evidence in criminal cases, (d) their duty not to undertake arrests in the absence of lawful

grounds, (e) the duty to provide accurate and truthful information to the prosecutor's office, (f) the duty to report and disclose misconduct and illegal actions of other police officers, (g) the improper execution of search warrants, and in particular prohibitions on searches that go beyond those authorized by the warrant, and/or involve the destruction or theft of property or evidence, and (h) the fabrication of evidence against an accused to justify their illegal actions and conduct.

55. Defendant City of Philadelphia failed to properly sanction or discipline officers, including the Defendant Officers in this case, who are aware of and conceal and/or aid and abet violations of constitutional rights of individuals by other Philadelphia Police Officers, thereby causing and encouraging Philadelphia police, including the Defendant Officers in this case, to violate the rights of citizens such as Plaintiffs.

56. Defendant City of Philadelphia is deliberately indifferent to the need to train, supervise and discipline police officers, including the Defendant Officers in this case. The Internal Affairs Division (IAD) of the Philadelphia Police Department (PPD) fails to provide an internal disciplinary mechanism that imposes meaningful disciplinary and remedial actions in the following respects: There are excessive and chronic delays in resolving disciplinary complaints; There is a lack of consistent, rational and meaningful disciplinary and remedial actions; There is a failure to effectively discipline substantial numbers of officers who were found to have engaged in misconduct. The PPD's internal investigatory process has fallen below accepted practices and is arbitrary and inconsistent; The PPD discipline, as practiced, is incident based rather than progressive. Thus, repeat violators are not being penalized in proportion to the number of violations. The conduct

of IAD investigations demonstrates that PPD internal affairs personnel are not adequately trained and supervised in the proper conduct of such investigations; A global analysis of IAD's investigatory procedures indicates a pattern of administrative conduct where the benefit of the doubt is given to the officer rather than the complainant; There are serious deficiencies in the quality of IAD investigations and the validity of the IAD findings and conclusions; The PPD lacks an effective early warning system to identify, track and monitor "problem" officers. Despite the fact that several of the defendant officers had amassed an exceptionally large number of serious misconduct complaints, the officers stayed well below the radar of an early warning system; Despite numerous prior complaints against several of the defendant officers, the PPD took no meaningful disciplinary or remedial actions; Despite numerous prior complaints against several of the defendant officers, the PPD took no meaningful steps to more closely monitor, retrain and supervise the officers; IAD frequently fails to interview available eyewitnesses to incidents involving citizen complaints of misconduct. The interviews that are conducted by IAD are below acceptable standards of police practice and fail to address key issues in the cases; and IAD fails to acknowledge the disproportionate and extreme use of force used by police officers in the investigation of citizen complaints and fails to properly categorize the police officers' misconduct in those cases as an impermissible use of force.

57. Defendants have by the above described actions deprived the Plaintiffs of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. §1983.

**SECOND CAUSE OF ACTION**
**SUPPLEMENTAL STATE CLAIMS**

58. Plaintiffs incorporates by reference the preceding paragraphs as if fully set forth herein.

59. The acts and conduct of the Defendant Officers in this cause of action constitute false arrest/false imprisonment, malicious prosecution, negligent infliction of emotional distress, outrageous conduct causing emotional distress, defamation, and invasion of privacy – casting in false light under the laws of the Commonwealth of Pennsylvania, and this Court has supplemental jurisdiction to hear and adjudicate these claims.

**WHEREFORE**, Plaintiffs request the following relief:

a. Compensatory damages as to all Defendants;

b. Punitive damages as to the individual Defendants;

c. Reasonable attorney's fees and costs as to all Defendants;

d. Such other declaratory and further relief as appears reasonable and just; and

e. A jury trial as to each Defendant and as to each count.

By: ***POPPER & YATVIN***

Howard D. Popper,
and with him,
Alan L. Yatvin
230 S. Broad Street, Suite 503
Philadelphia, PA 19102
(215)546-5700
Fax (215)546-5701
Popper.yatvin@verizon.net

July 1, 2014

Attorneys for Plaintiffs